DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (motion), filed April 16, 2008, requesting that the Complaint be dismissed because Plaintiffs are not aggrieved, as required by ORS305.275. The appeal involves Plaintiffs' personal residence. Plaintiffs have requested a reduction in the assessed value (AV) of their home and a reduction in their property taxes for the 2007-08 tax year.
Defendant's motion was heard by the court May 21, 2008. Allison Mudrick (Mudrick) appeared for Plaintiffs. Defendant was represented by Leslie Cech (Cech), an appraiser with the Multnomah County Assessor's office.
 I. STATEMENT OF FACTS
Plaintiffs' 1,902 square foot (approx.), three-bedroom, two bath home was built in 1979. The property's real market value (RMV) on the assessment and tax rolls for the 2007-08 tax year is $465,450. The maximum assessed value (MAV) is $311,080. Because their MAV is less than the RMV, Plaintiffs' AV is $311,080. See ORS 308.146.[1] Plaintiffs' tax year 2007-08 property taxes were $6,773. *Page 2 
Plaintiffs filed a petition with the county board of property tax appeals (board) and the board sustained their values. Plaintiffs timely appealed the board's order to this court, asserting in Section 3 of their Complaint that "comparable properties * * * are assessed lower taxes," and in Section 4 requesting "a lowering of the taxes on property R121461 and/or an explanation for tax justification for this property." (Ptfs' Compl at 1.)
Plaintiffs provided information with their Complaint showing three allegedly similar properties with taxes as much as $1,000 less than their property. Mudrick provided information on four additional properties at the May 21, 2008, proceeding. Each comparable property is similar in size and year of construction, etc., with similar or higher RMVs, but lower property taxes. When questioned by the court, Mudrick stated that Plaintiffs' AV should be reduced to less than $262,000 so that their property taxes would be comparable to similar homes. Mudrick stated that a realtor told her that her home should be worth the RMV on the assessment and tax rolls, but that she would have a hard time selling her home for that amount because of the high property taxes, which are as much as $1,000 higher than similar homes.
 II. ANALYSIS
Plaintiffs' primary concern is with their property taxes. To achieve their desired outcome of lower taxes, Plaintiffs request a reduction in AV to $262,000. Mudrick repeatedly informed the court that she was not challenging the $465,450 RMV.
As the court explained during the May 21, 2008, hearing, there is no legal authority that would allow the court to reduce Plaintiffs' AV on the facts of this case. That is because AV is a mathematical calculation established under Measure 50 for the property's base year, which in this case is 1997, and set thereafter according to the state's constitution and relevant statutes. *Page 3 
A brief historical overview of Oregon's pre-and post-Measure 50 property tax system provides a helpful framework for understanding this case.
Prior to the enactment of Measure 50, "[a]ll real or personal property within each county [was] valued and assessed at 100 percent of its real market value." ORS 308.232 (1995). Thus, RMV and AV were the same (valued and assessed at its "real market value"), unless the property benefitted from an exemption or special assessment. Taxes were, and are, imposed on assessed value. ORS 310.090.
In May 1997, the Oregon voters approved a referendum that significantly altered Oregon's property tax system through an amendment to the state's constitution. Measure 50 established a new method for calculating AV through the concept of MAV, which in 1997 was 90 percent of the property's 1995 RMV on the rolls. See Or Const, Art XI, § 11(1)(a); Ellis v. Lorati, 14 OTR 525, 532-33 (1999) (Lorati) (noting the history of the adoption of Measure 50). Measure 50 is codified in ORS 308.146 to ORS 308.166. Under Measure 50, AV is the lesser of the property's MAV or RMV. ORS 308.146(2). RMV was, and continues to be, the most probable selling price of the property on the applicable assessment date. ORS 308.232;
ORS 308.205. RMV moves with the market, while "the property's maximum assessed value shall not increase by more than three percent from the previous tax year." Or Const, Art XI, § 11(1)(b); see also ORS308.146(1), (2).[2]
Plaintiffs' MAV was set in 1997 at 90 percent of the property's 1995 RMV on the assessment and tax rolls. In all likelihood, the MAV was less than the RMV, and AV was based *Page 4 
on MAV.[3] Thereafter, the MAV and AV have increased by three percent each year. According to Cech, Plaintiffs' MAV and AV for the year prior to the year at issue (i.e., tax year 2006-07) was $302,020, which increased by three percent to $311,080 for tax year 2007-08.
Because AV is simply a mathematical calculation determined in accordance with the procedures explained above (the lesser of RMV or MAV, the former moving with the market, the latter locked into annual three percent increases), the court cannot adjust Plaintiffs' AV to achieve uniformity with allegedly similar properties. Measure 50 explicitly excepts itself from the uniformity requirements of Oregon's constitution. Subsection (18) of Article XI, section 11 (Measure 50) provides that "Section 32, Article I, and section 1, Article IX of this Constitution, shall not apply to this section." Those sections require uniformity.[4] See also Lorati, 14 OTR at 535 (stating that Measure 50 "excuses itself from complying with other constitutional provisions requiring uniformity.") In fact, the court in Lorati stated that "[t]he concept [of MAV] may, over time, result in various degrees of nonuniformity in the property tax system." Id. The same is true of AV in this and most other cases because AV is the same as MAV, and the distortions generated by the concept of MAV carry over into AV. Thus, Plaintiffs' uniformity concerns cannot be addressed by the court. *Page 5 
 III. CONCLUSION
The court has considered Defendant's Motion to Dismiss and concludes that request should be granted because Plaintiffs seek a reduction in AV for the 2007-08 tax year without challenging the property's RMV and such a unilateral reduction in AV is contrary to applicable law. Additionally, the uniformity requirements of Oregon's constitution do not apply because of the changes to that document brought about by Measure 50. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted.
Dated this ______ day of June 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on June 23, 2008.The Court filed and entered this document on June 23, 2008.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2005.
[2] By way of example, assume that in 1995 a property has an RMV of $100,000, and that the RMV increases to $125,000 in 1997. Prior to Measure 50, the property's AV in 1997 would be $125,000 (the same as the property's RMV). However, under Measure 50, the property has an MAV in 1997 of $90,000 (90% of the property's 1995 RMV). And, because the MAV of $90,000 is less than the RMV of $125,000, the AV, which is the number against which taxes are imposed, is $90,000.
[3] Neither party had assessment history back to 1995, but the market for residential property generally was rising between 1995 and 1997, which produced MAVs well below a given property's RMV.
[4] Article I, section 32 provides in relevant part: "all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."
Article IX, section 1, provides: "The Legislative Assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the State." *Page 1